# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WILLIAM STEPHEN TOTH, )
)
Plaintiff, )
)
v. ) Civil Case No. 13-01211 (RJL)
)
WELLS FARGO BANK, N.A., *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
July 2ND, 2014 [# 3]

**FILED**

JUL - 3 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff William Toth, proceeding *pro se*, brings this action against defendants Wells Fargo Bank, N.A., and Bank of America, N.A., (collectively, "Bank Defendants"), as well as several other defendants,[1] challenging the foreclosure of his property located in Michigan. *See* Compl. [Dkt. # 1]. Before this Court is Bank Defendants' Motion to Dismiss Plaintiff's Complaint [Dkt. # 3] under Rules 4(m), 12(b)(1), 12(b)(3), and 12(b)(5) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, or alternatively, for insufficient service of process. *See* Mem. of P. & A. in Supp. of Bank Defs.' Mot. to Dismiss [Dkt. # 4]. Because this Court lacks subject matter jurisdiction, the motion will be GRANTED and the case DISMISSED.

---

[1] Plaintiff's complaint also identifies the following entities and individuals as defendants: Trott & Trott, P.C.; 89th District Court of the State of Michigan for Presque Isle County; Presque Isle County Sheriff's Office; Bree Stocker, Esq.; Donald J. King, Esq.; Thomas A. Balinski; Robert W. Paschke; and "Does 1 through 10."

1

## BACKGROUND

Plaintiff is a Michigan resident whose complaint challenges the foreclosure of his property located at 7539 Elm Highway, Posen, Michigan 49776, as well as the eviction proceedings pending in a Michigan state court. *See* Compl. ¶ 13 (alleging "Wells Fargo Bank, NA participated and assisted Bank of America, NA in the foreclosure on my property and they are attempting to seize the subject property through an eviction"). Plaintiff's property was foreclosed by advertisement and sold at a Sheriff's sale on January 20, 2012. *See id.* Ex. G (Sheriff's Deed on Mortgage Sale (Jan. 20, 2012)); *see also* Mich. Comp. Laws. Ann. § 600.3201 (Foreclosure of mortgage by advertisement). Thereafter, the state court ratified the foreclosure by issuing a possession judgment on July 2, 2013. *See* Consent Possession Judgment, *Wells Fargo Bank, N.A. v. Toth*, Case No. 13-6249-LT (89th District Court, Rogers City, Mich.).

Plaintiff filed the instant complaint in this Court on July 31, 2013. In that sprawling 52-page, 99-paragraph document, plaintiff appears to allege that the defendants' handling of the mortgage note and their foreclosure of the property was improper for a variety of reasons, including that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violated a consent decree issued in *United States v. Bank of America*, No. 12-361 (D.D.C. Apr. 4, 2012), violated his constitutional due process rights, and intentionally inflicted emotional distress on him. *See* Compl. ¶¶ 41-81. Based on these allegations, plaintiff seeks monetary damages, a

declaratory judgment nullifying the foreclosure, and equitable relief. *See id.* ¶¶ 82-99.

## STANDARD OF REVIEW

Although *pro se* complaints must be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have jurisdiction in order to adjudicate a claim, and "the party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists," *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). On a motion to dismiss under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing, *inter alia*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "[T]he plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *United States ex rel. Digital Healthcare, Inc. v. Affiliated Computer Servs., Inc.*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citation and internal quotation marks omitted). Further, in deciding a 12(b)(1) motion, a court need not limit itself to the complaint; rather, it "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Bank of America, N.A. v. FDIC*, 908 F. Supp. 2d 60, 76 (D.D.C. 2012) (citation and internal quotation marks omitted).

3

## ANALYSIS

This Court lacks subject matter jurisdiction to hear plaintiff's suit because, in effect, it challenges a state court judgment. Under the *Rooker-Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."). Thus, as the Supreme Court recently clarified, federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In particular, district courts lack authority to either (1) "review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or (2) decide federal constitutional claims that are "so 'inextricably intertwined' with a state court decision that 'the district court is in essence being called upon to review the state-court decision,'" *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quoting

*Feldman*, 460 U.S. at 483-84 n.16).

The *Rooker-Feldman* doctrine applies to the instant case because plaintiff effectively seeks to collaterally attack the state court possession judgment ratifying the foreclosure and sale of the Michigan property (and permitting eviction proceedings). That plaintiff presents such a challenge is apparent from the complaint, which, although verbose and unintelligible in many respects, seeks as relief an order "abat[ing] and revers[ing]" the foreclosure sale, declaring the Sheriff's Deed "null and void," and affirming plaintiff's title to the property. *See* Compl. ¶¶ 91-92. Moreover, all of his various claims are "inextricably intertwined" with this state court judgment and the foreclosure; they do not present any independent claim. *See Hunter v. U.S. Bank Nat'l Ass'n*, 698 F. Supp. 2d 94, 99-100 (D.D.C. 2010) (*Rooker-Feldman* doctrine applied where plaintiff's claim was "based entirely on the alleged impropriety of the foreclosure" because all of the alleged injuries stemmed from the foreclosure and plaintiff explicitly sought a judgment that would have effectively modified the state court's judgment of foreclosure). This case is therefore similar to numerous decisions in this district barring, under *Rooker-Feldman*, claims challenging the results of state court judicial foreclosure actions. *See Fontaine v. Bank of America, N.A.*, No. 13-1638, 2014 WL 1999532, at *2 (D.D.C. May 16, 2014); *Silva v. Wells Fargo Bank, N.A.*, No. 14-273, 2014 WL 905447, at *2 (D.D.C. Mar. 10, 2014); *Glaviano v. JP Morgan Chase Bank, N.A.*, No. 13-2049, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013); *Hunter*, 698 F. Supp. 2d at 99-100;

*Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40, 44-46 (D.D.C. 2003). Consequently, I conclude that the *Rooker-Feldman* doctrine applies to this case and deprives me of jurisdiction.[2]

## CONCLUSION

Thus, for all of the foregoing reasons, the Bank Defendants' Motion to Dismiss is **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction. A separate Order consistent with this decision accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

---

[2] To the extent plaintiff challenges eviction proceedings that are ongoing in Michigan state court—to which the *Rooker-Feldman* abstention doctrine does not apply, *see Exxon Mobil Corp.*, 544 U.S. at 284 (stating *Rooker-Feldman* doctrine applies to only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced")—I abstain from exercising jurisdiction under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Tremel*, 251 F. Supp. 2d at 44 n.6 (noting the court would abstain from exercising jurisdiction under *Younger* if the matter were still pending in the state court system).